UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAUREN BOUCHARD

v.                          CASE NO. 3:03CV 256 (RNC) (DFM)

SALVATORE SPINELLI                 August 23, 2004

MOTION FOR PERMISSION TO PROVIDE SUPPLEMENTAL INFORMATION

Plaintiff respectfully commends the Court's attention to its Recommended Ruling in <u>Spicer v. J. Daniel Lenahan</u>, Civil No. 3:04CV1810 (RNC) (DFM), and to the allegations in <u>Beverly v. Spinelli</u>, Civil No. 3:04CV 1280 (JBA), particularly paragraphs 4, 5, 8 (attached). Defendant has continued the practices challenged in this matter, despite the hearing of August 7, 2003, which he attended and at which he obtained personal, direct knowledge of the offending practices.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT  06511
(203) 772-0395

This is to certify that the undersigned mailed a copy of the foregoing and attached on August 23, 2004, postage prepaid, to:

Salvatore Spinelli
135 Maxess Rd #2B
Melville NY 11747

___/s/ Joanne S. Faulkner_____
Joanne S. Faulkner

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS BEVERLY  :  JURY TRIAL DEMANDED

v.  :  CASE NO. 3:04CV 1280 (JBA)

SALVATORE SPINELLI
OXFORD COLLECTION AGENCY, INC.

## COMPLAINT

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a.

2. This Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. §1331 and §1367.

3. Plaintiff is a natural person and a consumer within the FDCPA, who resides in Connecticut.

4. Defendant Spinelli regularly attempts to collect consumer debts from Connecticut residents as an attorney, but is not licensed to practice law in Connecticut.

5. Defendant Spinelli has a place of business at 135 Maxess Rd. #2B, Melville NY 11747 and was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes when communicating with plaintiff and others in an effort to collect.

6. Each Defendant purported to be involved in collection efforts with regard to plaintiff's disputed debt to Cross Country Bank within one year prior to the date of this action, and communicated with plaintiff and others in an effort to collect.

7. Defendants' collection efforts falsely imply the ability to do more than a collection agency, even though that implication is not true. Rosa v. Gaynor, 784 F. Supp. 1 (D. Conn. 1989).

8. Defendant Spinelli's agent "D. Wiseman" threatened to have plaintiff charged with felony fraud in connection with the collection of the Cross Country account.

9. Defendants' agent(s) by their threats created a false sense of urgency.

10. Each Defendant's collection efforts, including the above, violated 15 U.S.C. §1692c, -d, -e, -f, or -g.

SECOND COUNT

11. The allegations of the First Count are repeated and realleged.

12. Within three years prior to the date of this action, each Defendant committed unfair or deceptive acts or practices in collection efforts within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. §42-110a et seq., causing ascertainable loss to plaintiff.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages for each communication, against each defendant;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief and such other and further relief as law or equity may provide.

                        THE PLAINTIFF

                        BY____/s/ Joanne S. Faulkner____
                        JOANNE S. FAULKNER ct04137
                        123 Avon Street
                        New Haven, CT 06511-2422
                        (203) 772-0395
                        j.faulkner@snet.net